IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ANTHONY WILLIAMS, et al.          :          CIVIL ACTION
                                  :
          v.                      :
                                  :
ISG PLATING, INC. and             :
INTERNATIONAL STEEL GROUP OF       :
AMERICA, LOCAL 1165               :          NO. 05-cv-0336-JF

MEMORANDUM AND ORDER

Fullam, Sr. J.                              February 9, 2009

     In this litigation, 13 African-American plaintiffs assert
discrimination claims against Defendant ISG, which operated a
steel plant in Coatesville, PA.  ISG has submitted a Motion for
Summary Judgment against each individual plaintiff.  This
Memorandum addresses all of ISG's motions, and it considers
common issues of fact and law whenever possible.

     ISG acquired the Coatesville Steel Plant on May 7, 2003,
after the previous owner, Bethlehem Steel Corporation, filed for
bankruptcy protection.  ISG purchased the Coatesville Plant
pursuant to a Bankruptcy Court-approved sale.  When ISG took
ownership of the facility, it reorganized the structure of
plant-operations and reclassified employees' pay-grades.

     With the exception of Mr. Michael Brown, the plaintiffs were
all directly employed by ISG during its operation of the steel
plant.  They were all paid on an hourly basis, and they worked in
various operational areas.

All plaintiffs allege racial discrimination.  Specifically, they allege that they were denied training and promotions, and that they lost overtime work-opportunities as a result of their race.  They also seek to recover for racial harassment that included, among other things, exposure to offensive graffiti, posting of racially derogatory images, and nooses that hung in the plant.  In addition to these claims of racial discrimination, one plaintiff, Ms. London, alleges gender discrimination.

Plaintiffs' union, Local 1165, was originally a defendant in this case, but Plaintiffs voluntarily dismissed all claims against the union in February 2006.  Plaintiffs' remaining claims, which they assert against ISG only, consist of alleged violations of Title VII, the Pennsylvania Human Relations Act, and 42 U.S.C. § 1981.  Plaintiffs have elected to pursue each of the 13 cases individually, but the cases have been consolidated for discovery.  ISG has moved for summary judgment against each individual plaintiff.

Plaintiffs improperly seek to hold ISG liable for alleged acts of discrimination that occurred before it purchased the steel plant.  Plaintiffs ask this Court to apply the Third Circuit's three-factor Rego test to hold ISG liable under the doctrine of successor liability.  A transfer during bankruptcy, however, presents a situation in which the Third Circuit does not apply that test.  See In re: Trans World Airlines, Inc.,

2

322 F.3d 283, 288-93 (3d Cir. 2003).  Because the Bankruptcy
Court ordered the "free and clear" transfer of the steel-plant
assets, Plaintiffs may not rely on any pre-transfer facts to
assert claims against ISG.

The parties also contest whether an individual plaintiff may
support a claim of hostile work environment by introducing
evidence of harassment that other workers experienced.  A
plaintiff who alleges the existence of a hostile work environment
cannot rely *solely* on comments and offensive actions that were
directed toward others.  <u>Caver v. City of Trenton</u>, 420 F.3d 243,
263-64 (3d Cir. 2005).  Such incidents, however, may certainly be
relevant to a plaintiff's claim in other respects.

<u>Plaintiff Michael Brown</u>

Mr. Brown left the steel plant under a "Transitional
Assistance Program" (TAP) before ISG acquired the plant.
Mr. Brown continued to work on the plant-premises, however, as an
employee of ISG's subcontractors. During this time, he sought a
position with ISG but was denied.  Mr. Brown asserts a § 1981
claim, alleging that he was subject to a hostile work environment
while on the ISG premises, and that the decision not to rehire
him was racially motivated.

As a matter of law, Mr. Brown may not assert a § 1981 claim
of hostile work environment against ISG.  Unlike other statutes
that directly address discrimination, § 1981 protects contractual

relationships.  Thus, a plaintiff who claims a § 1981 violation
must identify an impaired contractual relationship.
Domino's Pizza, Inc. v. McDonald, 546 U.S. 470, 476 (2006).
As an employee of ISG's subcontractors, Mr. Brown cannot assert
that ISG is liable for interference with *his* contractual rights.
Mr. Brown's relevant contractual rights existed only between him
and his immediate employer.

As to Mr. Brown's remaining theories of recovery under
§ 1981, I readily conclude that he has not met his burden of
production.  By signing the TAP agreement, Mr. Brown waived all
rights to re-employment at ISG.  According to an understanding
between ISG and the union, workers who left under the TAP
agreement could only be rehired with union consent.  The union
president refused to allow five TAP workers to return to ISG, and
at the time of that refusal, he did not know the identities of
those workers.  Furthermore, Mr. Brown's alleged comparators, a
group of TAP workers that returned to the plant with the union's
consent, were rehired *before* Mr. Brown and four others were
rejected.  The record lacks any evidence of pretext under the
McDonnell Douglas framework.

Summary judgment is appropriate on Mr. Brown's § 1981 claim,
and he has not asserted any other claims against ISG.  Judgment
will be entered in favor of ISG.

4

<u>Plaintiff Margaret London</u>

Ms. London asserts a claim of gender discrimination under the Pennsylvania Human Relations Act.  The record, however, reflects that Ms. London has not met her *prima facie* burden. In support of her claim, Ms. London relies on hearsay and mere speculation.  In her deposition, Ms. London describes a few events that minimally support her claim, but she admits that they occurred before ISG acquired the plant.

In short, summary judgment will be granted against Ms. London as to her PHRA claim for gender discrimination.

<u>All Remaining Plaintiffs</u>

As to the remaining plaintiffs (including Ms. London, to the extent that she alleges racial discrimination against ISG), I conclude that each plaintiff has met his or her *prima facie* burden and that genuine issues of material fact remain, which will require a trial.  I therefore deny Defendants' Motions.

On the Motions for Summary Judgment, the parties have submitted a voluminous record that contains sufficient evidence to meet each plaintiff's *prima facie* burden for racial discrimination under the <u>McDonnell Douglas</u> framework.  If established at trial, evidence of multiple nooses, pictures of tuxedo-dressed monkeys, Aryan graffiti, and frequent use of the "n-word" could certainly allow a reasonable jury to conclude that ISG is liable for a hostile work environment.  Plaintiffs have

also introduced evidence from which a reasonable jury could infer a systemic racial bias at ISG that resulted in the "passing-over" of African-American workers when assigning overtime, fewer promotions for African-Americans, and retaliation against those who complained——either through an assignment of fewer hours or a forced transfer to an undesirable work-area.

ISG has articulated legitimate reasons for the conduct that Plaintiffs challenge, mostly centering on the difficulties inherent in reorganizing job-positions at the plant.  ISG also argues that it properly and adequately responded to all racially motivated incidents at the plant.  Plaintiffs, however, have introduced evidence of pretext that tends to undercut both the believability of ISG's articulated reasons and the credibility of the management-personnel who offer them.  Plaintiffs have also testified to facts that tend to show inadequate and possibly unreasonable responses to highly inflammatory race-based conduct. The ultimate issue of liability, then, is for the jury.

Not all plaintiffs seek recovery under § 1981, the PHRA, and Title VII.  Some plaintiffs claim under only one or two statutes. Due to the variation across Plaintiffs' complaints, appropriate Orders follow regarding each separate plaintiff.  Each Order is docketed in that plaintiff's individual case.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ANTHONY WILLIAMS                 :          CIVIL ACTION
                                 :
          v.                     :
                                 :
ISG PLATING, INC. and            :
INTERNATIONAL STEEL GROUP OF      :
AMERICA, LOCAL 1165              :          NO. 05-cv-0336

ORDER

AND NOW, this 9th day of February 2009, upon
consideration of Defendant ISG's Motion for Summary Judgment
against Plaintiff Anthony Williams, and the response thereto,
IT IS ORDERED that the Motion is DENIED, as discussed in the
accompanying Memorandum.

Defendant ISG's Motions for Summary Judgment against
all other plaintiffs are disposed of by separate orders in each
individual case.

BY THE COURT:

_/s/ John P. Fullam_____
John P. Fullam, Sr. J.